No. 618          November 29, 2023          307

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of F. R. A.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

F. R. A.,
*Appellant.*

Clackamas County Circuit Court
22CC07956; A180594

Todd L. Van Rysselberghe, Judge.

Submitted August 14, 2023.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kate E. Morrow, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Affirmed.

**LAGESEN, C. J.**

Appellant seeks reversal of a judgment involuntarily committing him to the Oregon Health Authority for up to 180 days based on him being a person with a mental illness who is unable to provide for his basic needs due to a mental disorder. As relevant here, a "person with a mental illness" includes a person who is "[u]nable to provide for basic personal needs that are necessary to avoid serious physical harm in the near future, and is not receiving such care as is necessary to avoid such harm." ORS 426.005(1)(f)(B). Appellant contends that the evidence is insufficient to support his commitment. He does not request *de novo* review, so we review the trial court's conclusions for legal error and are bound by the court's supported findings of historical fact and determine whether the evidence was legally sufficient to permit the outcome. *State v. M. A. E.*, 299 Or App 231, 240-41, 448 P3d 656 (2019).

Reviewing the record here under that standard of review, we conclude that the record contains legally sufficient evidence to support the trial court's determination that appellant, due to his mental disorder, his medical conditions, and lack of safe housing, faces a nonspeculative risk of suffering a serious, life-threatening heart attack that compromises his survival. *See M. A. E.*, 299 Or App at 241-42 (risk of suffering serious physical harm "within a matter of days to a week" is within the "near future" required for commitment based on inability to provide basic personal needs, and, when paired with person's houselessness and a refusal to take medication for the serious condition, involuntary commitment was justified).

Affirmed.